IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENT E. HOVIND,
    Plaintiff,

vs.                                      Case No.: 3:06cv221/LAC/EMT

DONALD MAYO, et al.,
    Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

        Plaintiff, proceeding pro se and in forma pauperis, initiated this action by filing a civil rights complaint (Doc. 1). Defendants Curtis Golden, Christi Hankins, George H. Stopp, Carol Brockman, Tiffany Simms, Jay Williams, and Chuck Hughes (hereinafter referred to as the State Attorney Defendants) filed an Amended Motion to Strike or Dismiss (Doc. 9). None of the other named Defendants have yet filed motions or responsive pleadings, as it does not appear they have been served; Plaintiff is proceeding in forma pauperis and the court has not yet directed service. *See* Local Rule 4.1, Northern District of Florida. The court directed Plaintiff to respond to the State Attorney Defendants' motion to dismiss and advised Plaintiff that failure to respond may result in a recommendation that the motion be granted and final judgment entered in favor of the State Attorney Defendants (*see* Doc. 10). To date, Plaintiff has failed to respond.

        Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under § 1915 "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S. Ct. at 1833, or when the claims rely on factual allegations

that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. Brown v. Budget Rent-A-Car Sys., Inc., 119 F.3d 922, 923 (11th Cir. 1997).

Plaintiff initiated this action by filing a complaint pursuant to 18 U.S.C. §§ 241 and 242, and 42 U.S.C. §§ 1983, 1985 and 1986 (Doc. 1). Plaintiff claims that twenty named Defendants violated his rights by subjecting him to false arrest, false imprisonment, excessive use of force, malicious prosecution, maliciously clouding title, theft of property, mail fraud, threats by mail, and other wrongs (*id*. at 1). In his complaint, Plaintiff indicates a large number of "constitutional precepts" violated by Defendants (*id*. at 2-3) and directs the court to the "attached affidavit" (*id*. at 1). The documents attached to the complaint appear to be copies of pleadings filed by Plaintiff in two state criminal cases (indicated as Florida v. Hovind, First Judicial Circuit Court, case numbers 2001 MM 026670A and 2001 MM 023489A). Those pleadings are both entitled "Abatement/Counter-Claim" and contain affidavits; the first pleading was filed in state court on December 22, 2003 (*id*. at 5-6, 8) and the second on February 26, 2004 as a supplement to the first (*id*. at 9-26).

From the affidavits attached to the complaint, the court has determined that Defendants Donald Mayo, Renee Pelotte, Scott Hale, Judy Hardy, Lynn Adams and Michael Godwin are Escambia County officials (*id.* at 11-12); Defendants Jim Reynolds, Trice Dukes, Verris Mac Magee, Leroy White, Patrick Hope, and Mike Batchelor are "contractor competency board members" (*id*. at 12); Defendant Golden is a State Attorney (*id*. at 5); and Defendants Hankins, Phillips, Stopp, Brockman, and Simms are current or former Assistant State Attorneys (ASA) (*id*.).[1]

---

[1]The State Attorney Defendants' amended motion to dismiss indicates that Defendants Golden, Stopp and Brockman are no longer members of the State Attorney's Office (Doc. 9 at 3). Also, Defendants' motion does not list Defendant Phillips as a current or former member of the State Attorney's Office (*see id*.), but Plaintiff has named her as a Defendant in that capacity (*see* Doc. 1 at 5).

Case No.: 3:06cv221/LAC/EMT

The State Attorney Defendants' motion to dismiss indicates that Defendant Simms is a former ASA and Defendants Williams and Hughes are current ASAs (Doc. 9 at 3).

Plaintiff alleges that at the time relevant to his complaint, he was working as an elder in the Faith Baptist Fellowship under the direction of Pastor Richard Mooneyhan (Doc. 1 at 11). Pastor Mooneyhan's religious convictions include his belief that the church ministry "cannot obtain any license or permit nor pay any fees to the state" (*id*. at 12). On March 29, 2001, Plaintiff was working on the church property when he was called to an office to speak with Defendants Pelotte and Hale from the Escambia County code enforcement department (*id*. at 11). Plaintiff observed Defendants Pelotte and Hale talking with another member of the ministry staff about a permit for a metal building located on the property (*id*.). Plaintiff informed Defendant Pelotte three times that she needed to contact Pastor Mooneyhan with her questions because Plaintiff had no authority to make decisions on such issues (*id*.). He also informed Defendants Pelotte and Hale that they were trespassing on church property (*id*. at 11-12). Defendants Pelotte and Hale then departed (*id*. at 12).

On April 4, 2001, Defendants Pelotte and Hale returned to the church (*id*.). Defendant Pelotte handed Plaintiff papers and told him he was required to contact their office within seventy-two hours (*id*.). Plaintiff again informed Defendant Pelotte that he was not the pastor and therefore could not sign the papers (*id*.). Defendant Pelotte did not inform Plaintiff that he would be subject to any civil or criminal penalties for failing to sign the papers, nor did anything in writing indicate potential penalties (*id*.). Within seventy-two hours, Plaintiff called to request a hearing, and on May 10, 2001, he sent a letter to the Escambia County Building Inspections Department (*id*.). He sent a second letter on May 22, 2001 (*id*.). The only response he received was a phone call on May 9, 2001, indicating that a warrant had been issued for his arrest (*id*.). Plaintiff turned himself in and posted bond (*id*.). He advised the arresting officer that he was not the individual responsible for making decisions regarding building permits (*id*. at 8).

On June 6, 2001, Plaintiff accompanied Pastor Mooneyhan to a meeting with county officials (including Defendants Mayo, Hardy, Adams, Pelotte, and Godwin) and contractor competency board members (including Defendants Reynolds, Dukes, Magee, White, Hope, and Batchelor) (*id*. at 12). At the hearing, Defendant Pelotte confirmed that Plaintiff told her that the inspectors needed to contact Pastor Mooneyhan (*id*. at 13). However, according to Plaintiff, Defendant Pelotte falsely

reported that nothing had been done after she gave Plaintiff seventy-two hours to start the process of applying for a permit (*id.*). Plaintiff alleges that he did in fact "start the process" within seventy-two hours by passing along the paperwork to Pastor Mooneyhan (*id.*). Additionally, the church's board of elders sent a response within seventy-two hours that Defendant Pelotte admitted she received (*id.*). Plaintiff further alleges that Defendant Pelotte's statement at the hearing indicated she continued to trespass on church property on April 4, 2001, when she returned to the property without permission to issue a citation to Plaintiff for construction without a permit (*id.*). Moreover, she issued the citation despite her knowledge that Plaintiff was not the person responsible for the property (*id.*).

Plaintiff alleges that Defendant Pelotte made a false statement on the citation when she stated that she personally observed Plaintiff engaged in non-permitted construction because Plaintiff was preparing for or traveling to a speaking engagement out of town on the date and time for which he was cited (*id.* at 14). Additionally, the reasonable cause summary on the citation clearly indicates that Defendant Pelotte had spoken to others, not Plaintiff, regarding the construction (*id.*).

Plaintiff claims he has been, and continues to be, "unlawfully arrested, charged and prosecuted in this matter" because he "was never the one responsible for obtaining or refusing to obtain a building permit" for church property (*id.*). As relief, Plaintiff seeks monetary damages in the amount of $7,600,000.00 (*id.* at 4).

In their amended motion to dismiss, the State Attorney Defendants first request dismissal from this action based on their Eleventh Amendment immunity and prosecutorial immunity (Doc. 9 at 2, 7-9). Defendants additionally contend that Plaintiff's claims pursuant to 18 U.S.C. §§ 241 and 242 should be dismissed for failure to state a claim because §§ 241 and 242 provide no private right of action (*id.* at 2, 9-11). Finally, Defendants argue the complaint should be dismissed based on abstention under Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), because two criminal prosecutions are pending against Plaintiff in state court related to the incidents discussed in the complaint (*id.* at 2, 5-7).

Although Plaintiff provides no facts regarding the State Attorney Defendants in his complaint, it appears that the gravamen of Plaintiff's complaint is his allegedly unlawful arrest and prosecution for building code infractions. The State Attorney Defendants correctly argue that they

are absolutely immune from liability for damages based upon their actions while prosecuting Plaintiff on criminal charges. A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government. Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 2615-16, 125 L. Ed. 2d 209 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution. Imbler v. Pachtman, 424 U.S. 409, 424, 96 S. Ct. 984, 992, 47 L. Ed. 2d 128 (1976). However, to the extent a prosecutor steps out of his prosecutorial role to perform "the investigative functions normally performed by a detective or police officer," he does not have absolute immunity. *See* Buckley, 509 U.S. at 273, 113 S. Ct. at 2616; *see also* Jones v. Cannon, 174 F.3d 1271, 1285 (11th Cir.1999) (prosecutor is only entitled to immunity for his conduct during the "judicial phase" of a case).

Under these principles, it is clear that even if the State Attorney Defendants "unlawfully" initiated and pursued criminal charges against Plaintiff, these functions fall within the prosecutorial function and entitle the State Attorney Defendants to absolute immunity from Plaintiff's claim for damages. Additionally, to the extent Plaintiff is suing the State Attorney Defendants in their official capacities, they correctly contend that they are entitled to Eleventh Amendment immunity from damages. The Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities. Edelman v. Jordan, 415 U.S. 651, 662-63, 94 S. Ct. 1347, 1355-56, 39 L. Ed. 2d 662 (1974). Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits Plaintiff's suit against the State Attorney Defendants in federal court. Kentucky v. Graham, 473 U.S. 159, 167 n.14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Because the State Attorney Defendants are immune from Plaintiff's claim for damages in both their individual and official capacities, they should be dismissed from this action.

Furthermore, the State Attorney Defendants correctly argue that Plaintiff's claims under 18 U.S.C. §§ 241 and 242 fail to state a claim on which relief can be granted because these statutes do not provide a private right of action for damages. *See* Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 . . . These statutes do not give rise to a civil action for damages."); Newcomb v. Ingle, 827 F.2d 675, 677 n.1 (10th Cir. 1987) (noting § 241 does not authorize a private right of action); Rockefeller v. U.S. Court

of Appeals Office, for Tenth Circuit Judges, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (noting there is no private right of action under federal criminal statutes proscribing deprivation of civil rights); Figueroa v. Clark, 810 F. Supp. 613, 615 (E.D. Pa. 1992) (same); Dugar v. Coughlin, 613 F. Supp. 849, 852 (S.D.N.Y. 1985) (no private right of action under 18 U.S.C. § 242); Fundiller v. City of Cooper City, 578 F. Supp. 303, 306 (S.D. Fla. 1984) (same), *rev'd. on other grounds*, 777 F.2d 1436 (11th Cir. 1985).

Additionally, no citizen has a right to institute a criminal prosecution. Linda R. v. Richard V., 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed. 2d 536 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also* Keenan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) (allowing a private individual to initiate a criminal prosecution would circumvent the legal safeguards provided for persons accused of crime); Lewis v. Green, 629 F. Supp. 546, 554 (D.D.C. 1986) (holding §§ 241 and 242 do not authorize individuals to initiate criminal proceedings).  This court cannot direct that a federal prosecution occur; authority to investigate and initiate criminal complaints rests exclusively with federal prosecutors.  *See* Inmates of Attica Corr. Facility v. Rockefeller, 477 F.2d 375 (2nd Cir. 1973) (holding United States Attorney has discretion over whether to prosecute in a particular case). Because §§ 241 and 242 do not authorize a private right of action for damages, nor a private right to initiate criminal prosecutions, Plaintiff's claims under §§ 241 and 242 should be dismissed as frivolous.

Regarding the merits of Plaintiff's remaining claims, the State Attorney Defendants argue that the complaint should be dismissed based on the Younger abstention doctrine (Doc. 9 at 5-7). In his complaint, Plaintiff references two state criminal cases against him and a state civil suit in which Faith Baptist Fellowship is named as a defendant (Doc. 1 at 1).  The State Attorney Defendants allege that all three actions are still pending in state court (Doc. 9 at 3).  When state criminal charges are pending, principles of comity announced in Younger would dictate that any § 1983 claims for injunctive or declaratory relief related to the criminal proceedings be dismissed. 401 U.S. at 44-45; *see* Hicks v. Miranda, 422 U.S. 332, 348-50, 95 S. Ct. 2281, 2291-92, 45 L. Ed. 2d 223 (1975).  Regarding claims for monetary relief, however, Younger principles indicate federal judgment on the merits should be stayed but not dismissed.  *See* Quackenbush v. Allstate Ins. Co.,

Case No.: 3:06cv221/LAC/EMT

517 U.S. 706, 721, 116 S. Ct. 1712, 1723, 135 L. Ed. 2d 1 (1996) ("[W]hile we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions."); Doby v. Strength, 758 F.2d 1405, 1406 (11th Cir. 1985) (per curiam) (ordering district court to abstain from deciding the merits until pending state court proceeding was resolved). The comity concern in this situation stems from the fact that the § 1983 action

> may also have a substantially disruptive effect upon contemporary state criminal proceedings, and may also undermine the integrity of the writ of habeas corpus. Where the federal court . . . would have to make rulings by virtue of which the validity of a conviction in contemporary state proceedings would be called into question, the potential for federal-state friction [would be] obvious. The federal ruling would embarrass, and could even intrude into, the state proceedings. Questions concerning the effect to be given the federal ruling in the state courts might be difficult ones, and could lead to delay, or even derailment of the course of the state action.

Guerro v. Mulhearn, 498 F.2d 1249, 1253 (1st Cir. 1974).

Although Younger abstention may be appropriate regarding the merits of the remainder of Plaintiff's claims, the court need not reach the issue at this time. The court notes that with respect to the county official and contractor competency board Defendants, the facts alleged describe incidents occurring no later than June 6, 2001 (Doc. 1 at 11-14). Because § 1983 does not contain a specific statute of limitations, 42 U.S.C. § 1988 directs courts to select and apply the most appropriate or analogous state statute of limitations. The Supreme Court has further stated that courts should select the statute of limitations in each state that applies to tort actions for the recovery of damages for personal injury. Wilson v. Garcia, 471 U.S. 261, 276, 105 S. Ct. 1938, 1947, 85 L. Ed. 2d 254 (1985). Further, the Court stated that the statute, once selected, should govern all section 1983 actions arising in that state. *Id.* at 275; *see also* Jones v. Preuit & Mauldin, 763 F.2d 1250, 1252 (11th Cir. 1985). The applicable statute of limitations in Florida is four (4) years. Baker v. Gulf & W. Indus., 850 F.2d 1480, 1481 (11th Cir. 1988); Grace v. Wainwright, 761 F. Supp. 1520 (M.D. Fla. 1991); *see* Fla. Stat. § 95.11(3) (2005).

The running of the statute of limitations is a sufficient ground to justify dismissal of a claim as frivolous.  Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003); Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 641 n.2 (11th Cir. 1990).

In the instant case, it would appear that Plaintiff was aware of the allegedly injurious actions of the county official and contractor competency board Defendants at the time the conduct occurred.  Indeed, the court notes that Plaintiff filed a civil rights complaint in this court on July 23, 2001 against ten of the Defendants, among others, based on the same underlying incidents.  *See* Hovind, et al. v. County of Escambia Florida, Case No. 3:01cv298/RV.  Thus, more than four (4) years have elapsed between the time of the incidents forming the basis of Plaintiff's complaint, March 29, 2001 through June 6, 2001, and the time of the actual filing of the complaint in the instant action, May 17, 2006 (*see* Doc. 1 at 4).  Because it appears from the face of the complaint, as well as judicially-noticed facts, that the four-year period had expired at the time the complaint was filed, Plaintiff shall be required to show cause as to why this case should not be dismissed as time barred under Florida's four-year statute of limitations.

Accordingly, it is **ORDERED**:

1. Within **TWENTY (20) DAYS** from the date of the docketing of this order, Plaintiff shall show cause why his claims against Defendants Mayo, Pelotte, Hale, Hardy, Adams, Godwin, Reynolds, Dukes, Magee, White, Hope, Batchelor, and Phillps should not be dismissed as barred by the statute of limitations.

2. Failure to respond to this order will result in a recommendation of dismissal of this case.

And it is respectfully **RECOMMENDED**:

1. That the State Attorney Defendants' amended motion to dismiss (Doc. 9) be **GRANTED** as to Plaintiff's claims against Defendants Golden, Hankins, Stopp, Brockman, Simms, Williams, and Hughes on the basis of prosecutorial and Eleventh Amendment immunity and that those Defendants be **DISMISSED** from this action.

2. That Plaintiff's claims under 18 U.S.C. §§ 241 and 242 against all Defendants be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. 1915(e)(2)(B)(i).

At Pensacola, Florida, this 31st day of July 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**